648 A.2d 1344

**Edward B. CLARK, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 11, 1994.

Decided Oct. 4, 1994.

H. Christopher Crocker, for petitioner.

Jill A. Devine, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

By letter dated August 17, 1990, Sergeant Edward Clark was removed by the Department of Corrections from his employment as a Corrections Officer II at the State Correctional Institution at Graterford (SCIG) for allegedly using excessive force against an inmate.  Clark appealed to the State Civil Service Commission which sustained the department's action.  In an unreported opinion filed June 17, 1992, this court reversed the decision of the commission and ordered that Clark be reinstated to his prior position as a Corrections Officer II with back pay.[1]

Subsequently, Clark provided information to the department concerning his earnings during the period from August 22, 1990 until November 12, 1992, in order for the department to calculate his entitlement to back pay.[2]  By letter dated May 26, 1993, the department informed Clark that he was not entitled to an award of back pay because his outside earnings exceeded what he would have been paid by the department during the relevant period.  Clark appealed from this letter to the commission, challenging the manner in which the department calculated his back pay.  The commission issued an order stating that it does not have jurisdiction to enforce orders of this court and that a petition seeking enforcement of an order of this court should be directed to this court.  The effect of the commission's order was to decline to hear the appeal.  Clark has appealed from that order.[3]

1.  The prior appeal was docketed at 1207 C.D.1991.

2.  Clark was again removed from his position on November 12, 1992, but he did not appeal from the department's action.

3.  We note at this point that because there has been no hearing or decision in this matter, the facts as we have recited them are as alleged in Clark's brief.

The sole issue which we must address is whether the appeal was within the jurisdiction of the commission. Clark argues that this action is a continuation of the original appeal and that the commission therefore has jurisdiction. We agree.

In our prior order, this court could have remanded to the commission for the computation of back pay, but instead we simply reversed the commission and ordered a reinstatement with back pay. This court's choice of procedural disposition does not affect the commission's jurisdiction. Under the commission's reasoning, if the commission had ordered a reinstatement with back pay and this court affirmed that decision, then the commission *would* have jurisdiction, but because this court ordered reinstatement with back pay it does not have jurisdiction. We cannot comprehend why the level at which the order of reinstatement is made would affect the commission's jurisdiction. In fact the commission's argument is contrary to the very essence of the appeal process which gives the opportunity for the correction of errors by the department.

The department argues that the commission was not permitted to proceed further under Pa.R.A.P. 1701(a) which states that "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." The intent of this rule is obviously that the trial court or government unit cannot take action on the case while an appeal is pending. However, in the present matter, the initial appeal has been resolved and this court no longer retained jurisdiction over the matter. Rule 1701 is therefore inapplicable. This view is further confirmed by Pa.R.A.P. 2591(a) which states: "On remand of the record the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter."

The department also argues that the commission was not permitted to proceed further by Pa.R.A.P. 2573(1). Rule 2573 does not refer to whether a lower tribunal is permitted to

proceed in a particular case. Instead the rule concerns to what body an appellate court is to remand the record when its final order does not contain any direction for further proceedings in an intermediate court in which the matter was previously pending. We note that under Rule 2572, the record for this matter was to be remanded to the commission after our prior order was issued.

Finally, the department argues that this court is the appropriate forum for enforcement of its order based on Pa.R.A.P. 2591(b) which states that "an appellate court may issue any appropriate order requiring obedience to or otherwise enforcing its judgment or other order." The fact that an appellate court is vested with the power to enforce its orders does not deprive the commission of jurisdiction in this case.

The commission had jurisdiction of the original appeal from the removal of Clark under section 203 of the Civil Service Act (Act).[4] Section 952(c) of the Act[5] provides as follows:

In the case of any employe removed, furloughed, suspended, or demoted, the commission may modify or set aside the action of the appointing authority. Where appropriate, the commission may order reinstatement, with the payment of so much of the salary or wages lost, including employe benefits, as the commission may in its discretion award.

Under this language an award of back pay is a function of the commission. Because the appeal to the commission was related to the original removal and because it is the commission's function to award back pay, we conclude that the commission was the appropriate forum for the appeal.

We will therefore reverse the order of the commission and remand so that Clark may receive a hearing on his appeal.

## ORDER

NOW, this 4th day of October, 1994, the order of the State Civil Service Commission, dated July 21, 1993, at Appeal No.

4.  Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.203.
5.  71 P.S. § 741.952.

17708, is reversed and the matter is remanded for a hearing and disposition on the merits of the appeal of Edward Clark.

Jurisdiction relinquished.